IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RUBEN SOLIS ANDERSON | § | |
| v. | § | CIVIL ACTION NO. 5:11cv138 |
| WARDEN KAYDO, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Ruben Anderson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Anderson complains that the Defendants, a number of TDCJ officials, planned or wanted to kill him, and spread rumors among the inmate population in an effort to have Anderson sexually assaulted or killed. The Defendants were ordered to answer and filed a motion for summary judgment on February 9, 2012.

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report on July 9, 2012, recommending that the motion for summary judgment be granted and that the lawsuit be dismissed. Anderson filed objections to this Report on July 19, 2012.

In his objections, Anderson first says that the presiding district judge in the case "withdrew" on May 25, 2012, so as to allow the Magistrate Judge to dismiss his case. The parties have not consented to allow the Magistrate Judge to enter final judgment, and no such "withdrawal" has taken place.

After complaining that he is not a professional attorney and that his request for counsel has been denied, Anderson asks how much money TDCJ has paid to the Court to have his case dismissed. He says that he mailed a response to the Defendants' motion for summary judgment on July 2, 2012, and that it is not his fault if the prison mailroom refused to send it out; even if true, however, a response filed in July to a summary judgment motion filed in February would be plainly untimely, under Rule 56(c) of the Federal Rules of Civil Procedure,. Local Rule CV-7, and the deadlines set out in the scheduling order entered in this case.

Anderson demands that the Magistrate Judge be subjected to a polygraph test regarding whether or not she has been paid to dismiss cases against TDCJ, and complains that the Court did not conduct an "examining trial" in this case. He states that he is willing to take a polygraph as well and complains that he had to pay a filing fee for judges to "take the case and get off the case."

Anderson's objections do not address any of the findings, conclusions, or recommendations of the Magistrate Judge; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). To the extent that Anderson's objections complain of the disposition in his case in general, these objections are entirely without merit.

The Court has conducted a careful *de novo* review of the pleadings and evidence in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 58) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 47) be and hereby is GRANTED and that the above-styled civil action is hereby DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 1st day of August, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE